IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:25-CV-01586-M

TERRENCE MULLINS,

    Plaintiff,

v.

BRUNSWICK PLANTATION PROPERTY OWNERS' ASSOCIATION, INC.,

    Defendant.

ORDER AND REMAND

This matter comes before the court on Defendant's response to the court's December 9, 2025, Order to Show Cause. DE 7. For the following reasons, the court finds Defendant's response insufficient and REMANDS this matter to state court.

On December 3, 2025, Defendant removed this case from Brunswick County Superior Court and asserted the court's original subject matter jurisdiction over controversies between diverse parties. DE 1; *see* 28 U.S.C. §§ 1441(a); 1332(a). Defendant, additionally, explained that because "the Summons and Complaint . . . were not served on Brunswick POA until November 3, 2025," its removal was timely under 28 U.S.C. § 1446(b)'s thirty-day requirement. DE 1 at 2. On December 9, 2025, the court noted that "removal [appears] barred by the forum-defendant rule" and ordered Defendant "to show cause in writing, no later than December 15, 2025, explaining why this court should not remand this action." DE 9 at 3. Although Defendant ultimately made such a response, Defendant first filed, on December 10, 2025, a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. DE 15. In that motion, Defendant again asserted that "within 30 days of receiving service of the Summons and Complaint, Brunswick POA timely

filed a Notice of Removal." DE 16 at 2. Defendant did not, in any part of the motion, argue that service of process was insufficient. *See* DE 16. On December 15, 2025, Defendant responded to the court's show cause order and contended that removal was proper because Defendant "had not been properly joined and served as [of] the date and time of the Notice of Removal." DE 18 at 4.

By failing to raise insufficient service in its prior-filed motion under Rule 12(b)(6), and, indeed, by initially appearing to contend that service was proper to justify the timeliness of this removal, Defendant has waived its ability to now argue that it received insufficient service of process. Under Rule 12 of the Federal Rules of Civil Procedure, "a party may assert" any of the Rule 12(b) "defenses by motion." Fed. R. Civ. P. 12(b). Those defenses include "insufficient service of process," *id.* 12(b)(4), and "failure to state a claim upon which relief can be granted," *id.* 12(b)(6). But "[a] party waives any defense listed in Rule 12(b)(2)–(5) by . . . omitting it from a motion in the circumstances described in Rule 12(g)(2)." *Id.* 12(h)(1)(A). "[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *Id.* 12(g)(2). In other words, "a party waives the right to challenge the sufficiency of process . . . if it fails to raise this challenge in a . . . [previously filed] Rule 12(b)(6) challenge." *Rudolph v. Drynachan, LLC*, 2019 WL 13297172, at *2 (E.D. Va. Apr. 15, 2019).

Because Defendant, a citizen of the forum-state, has waived its ability to challenge the sufficiency of service of process in this matter, the matter is REMANDED to the General Court of Justice, Superior Court Division, Brunswick County, North Carolina. The Clerk of the Court is directed to close this case. Plaintiff's Motion to Remand, DE 8, is DENIED AS MOOT.

Defendants' Motion to Dismiss, DE 15, is DENIED WITHOUT PREJUDICE to re-filing in state court.

SO ORDERED this 17th day of December, 2025.

*Richard E. Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE